**Ping Qiu LIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02–4894.**

United States Court of Appeals, Second Circuit.

June 1, 2005.

Theodore N. Cox, New York, NY, for Petitioner.

Susan S. Bradley, Assistant United States Attorney (Jim N. Greenlee, United States Attorney for the Northern District of Mississippi, on the brief), Oxford, MS, for Respondent.

Present: MINER, POOLER, Circuit Judges, and BLOCK, District Judge.*

* The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition be, and it hereby is, **DENIED** and the order of the BIA is **AFFIRMED.**

Petitioner seeks review of the BIA's order dated November 7, 2002, rejecting his claims for asylum and withholding of removal. We assume the parties' familiarity with the facts and procedural history.

We may reverse the BIA's determination for lack of substantial evidence "only if no reasonable fact-finder" would have reached the same conclusion. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004). We defer to the BIA's reasonable interpretations of the immigration laws. *Michel v. INS,* 206 F.3d 253, 262 (2d Cir.2000). To establish eligibility for asylum, Lin was required to demonstrate either a well-founded fear of future persecution in China or past persecution giving rise to a rebuttable presumption of such a well-founded fear. *See Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003).

■ The BIA's finding that Lin's allegation that he was discharged from his position as village doctor after he had already left China did not allege treatment rising to the level of past persecution was reasonable and supported by substantial evidence. While imposition of a "substantial economic disadvantage" may sometimes amount to persecution, *Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 67 (2d Cir.2002), Lin did not offer evidence that he was deprived of a career in China, but only that he was discharged from a position with one hospital. None of Lin's other

allegations establish past persecution. While Lin alleges that police sought to arrest him and that his wife was threatened with sterilization, he concedes that he was not arrested and his wife was not sterilized.

■ The BIA's finding that Lin did not allege facts supporting a well-founded fear of future persecution was also reasonable and supported by substantial evidence. The BIA was entitled to consider the lapse of time since Lin's activities in contravention of Chinese family planning policy, the relatively small scale of Lin's resistance to that policy, the lack of evidence of any continuing interest in Lin by authorities in China, and that Lin's family members have been subject to no harassment or other ill treatment during the previous nine years in China. Thus Lin has failed to establish that Chinese authorities currently are inclined to persecute him, which is required in order to establish that a fear of future persecution is well-founded. *See Carcamo–Flores v. INS*, 805 F.2d 60 (2d Cir. 1986). Furthermore, there is no evidence to support a likelihood of future sterilization of Lin or his wife.

For the foregoing reasons, the petition for review is DENIED. Accordingly, Lin's motion for a stay of removal is DENIED.